FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2022 APR 20 PM 3:10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

CASE NO.: 8:22 cv 925 JSM-TGW

MARK A. COOK,

    Plaintiff,

vs.

THE UNITED STATES OF
AMERICA,

    Defendant.
_____/

# COMPLAINT

COMES NOW, **MARK A. COOK ("COOK")** Plaintiff herein, and by and through undersigned counsel, hereby sues Defendant, **THE UNITED STATES OF AMERICA ("USA"),** for grounds alleged as follows:

## JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA) §1346(b) and §2671-2680, Title 28, United States Code.

2. On April 21, 2021, Plaintiff submitted his Administrative Claim with supporting documentation to the Tort Claims Coordinator for **USPS**. True and

correct copies of the correspondence from the USPS Tort Claims Coordinator acknowledging receipt and adjudication are attached hereto as Exhibit "A".

3. The Tort Claims Coordinator for **USPS** failed to respond to the Administrative Claim submitted by the Plaintiff within the six month period following acknowledgement of receipt of the claim. On April 14, 2022, the **USPS** Tort Claim Coordinator responded to the Administrative Claim submitted by the Plaintiff. The Plaintiff's claim was effectively denied as presented. This lawsuit is filed within the six month period after both, the **USPS** Tort Claim Coordinator's response due date and "final action" of the **USPS** Tort Claim coordinator effectively denying the claim. Accordingly, all conditions precedent to filing of the subject action pursuant to the Federal Tort Claims Act have either been met or waived.

4. At all times material hereto to this action, Plaintiff, **MARK A. COOK** resided in Pinellas County, Florida.

5. Venue is properly within this District under 28 U.S.C. §1402(b) as the acts complained of occurred in the Middle District of Florida.

## PARTIES

6. At all times material hereto the United States Postal Service (**"USPS"**) was an agency of The United States of America (**"USA"**).

7. At all times material hereto, Plaintiff, **COOK,** was a resident of Pinellas County, Florida.

8. **USA** is an appropriate defendant under the Federal Tort Claims Act.

9. Defendant **USA** can be served with Summons and Complaint herein upon Roger B. Handberg Esq. United States Attorney for the Middle District of Florida, at 400 W. Washington Street, #3100, Orlando, FL 32801.

10. Plaintiff will send, contemporaneously with service of Complaint herein upon Defendant **USA,** copies of Complaint and Summonses herein by certified mail to the U.S. Attorney General pursuant to Federal Rule 4(i)(1)(B) and the Postmaster General pursuant to Federal Rule 4(i)(2).

## FACTS

11. On February 08, 2020, Plaintiff, **COOK,** was driving a 2001 Volkswagen Jetta and was traveling southbound on 22nd Street approaching the intersection of 46th Ave. North in Pinellas County, Florida.

12. At the aforesaid time and place, Defendant, **USA,** owned a 1992Gruman Mail truck that was being operated by one of their employees, Johnnie Ray Booker. The employee driver, Mr. Booker, was operating the vehicle with the express consent, and at the direction of **USPS,** an agency of defendant, **USA.**

13. At the aforesaid time and place, the vehicle operated by Johnnie Ray Booker, employee of **USPS,** was also traveling southbound on 22nd Street approaching the intersection of 46th Ave. North in front of Plaintiff, **COOK**, when he abruptly made a wide left turn directly violating Plaintiff, **COOK'S**, right of way causing both vehicles to collide, causing damage, and injury to Plaintiff, **COOK**.

14. At all times material hereto, Johnnie ray Booker, was an agent, servant, and employee of Defendant, **USPS**, and was acting within the line, course and scope of his employment.

15. At all relevant times, Defendant, **USPS**, was the owner of the 1992 Grumman Mail truck being operated by Johnnie ray Booker, with the express permission and consent of **USPS**.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNTIED STATES OF AMERICA

16. This case is brought against the **USA** pursuant to 28 U.S.C. §2671 et seq., commonly referred to as the Federal Tort Claims Act. Liability of **USA** is predicated specifically on 28 U.S.C. §1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence , wrongful acts and/or omissions of an employee of **USPS** through its agency. This employee was acting with the course

and scope of his office or employment, under circumstances where **USPS** and **USA,** if private persons, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the state of Florida.

17. Pursuant to 28 U.S.C. §2675, the claims of Plaintiff, **COOK**, were presented to the appropriate agency of the Defendant, **USA**, on April 21, 2021 and received by **USPS** on April 27, 2021. Said Defendant failed to respond within six months of receipt of the claim and instead responded on April 14, 2022 effectively denying the claim as presented on said date. This case is being filed within the six month period of both **USPS** response due date of 10/27/2021, and within six months of the effective denial of the claim as presented on 04/14/2022.

## CAUSE OF ACTION – NEGLIGENCE

18. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

19. Defendant, **USA**, is liable for the negligence of their employee driver, Johnnie Ray Booker, pursuant to Florida's Dangerous Instrumentality Doctrine.

20. Defendant, **USA**, as employer and principal, is vicariously liable for the negligence of Johnnie Ray Walker, the employee and agent of **USPS** and **USA.**

21. As a direct and proximate result of the negligence of Johnnie Ray Walker, for which the Defendant, **USA**, is liable, Plaintiff, **COOK**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of

both physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, has activated or aggravated certain pre-existing conditions, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and the plaintiff will suffer these losses in the future.

22. Alternatively, should it be determined at trial of this case that Plaintiff, **COOK**, has not sustained a permanent injury as a result of the negligence of Johnny Ray Booker, for which the Defendant, **USA**, is liable,, or has not otherwise satisfied the threshold requirements of the Florida No-Fault Act, Plaintiff has nonetheless incurred or experienced certain economic losses as a direct and proximate result of the negligence of the defendant which have not been reimbursed by any collateral source and will suffer loss of earnings and future medical expenses as well.

23. As a further direct and proximate result of the negligence of Johnny Ray Booker, for which the Defendant, **USA**, is liable, personal property for which the Plaintiff is responsible for including the vehicle he was driving and certain contents thereof, was lost, damaged or destroyed, the value of which will be proven at the time of trial.

**WHEREFORE**, for all of the foregoing reasons, plaintiff, **MARK A. COOK,** HEREBY DEMANDS JUDGMENT AGAINST THE Defendant, **THE UNITED STATES OF AMERICA**, for all damages allowable by law, costs of this action and such other relief as the Court deems just and proper. Plaintiff demands trial by jury on all issues triable as a right before a jury.

**RESPECTFULLY** submitted this 20th day of April, 2022

/s/ Alexander Hernandez
ALEXANDER HERNANDEZ, ESQUIRE
FBN: 843997     SPN: 01110276
ALEX HERNANDEZ, ATTORNEY AT LAW P.A.
1008 Drew Street Clearwater, Florida 33755
Phone (727) 443-0701  Fax (727) 286-2888
Primary Email: Alexlawyer99@aol.com
Secondary Email: alexhlawyer@gmail.com
Attorney for Plaintiff

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| TORT CLAIMS COORDINATOR<br>SUNCOAST DISTRICT<br>P.O. BOX 39131<br>TAMPA FL 33630-9131   335-20-00465305A | Claimant: Mark Cook, 3150 49th Ave. N., St. Petersburg, FL 33714<br>Attorney for Claimant: Alexander Hernandez, 1008 Drew Street, Clearwater, FL 33755 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 05/26/1976 | Married | 02/08/2020, Saturday | 11:28am |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

The claimant, Mark Cook, was injured when a U.S. Postal vehicle driven by Mr. Johnnie Ray Booker pulled out from its stationary place, where it was parked curbside, directly into the path of Mr. Cook's vehicle crashing into the front passenger side of same. Mr. Booker violated Mr. Cook's right of way and was at fault in this accident. Mr. Cook was wearing his seat belt at the time, the impact was significant enough that the air bags in Mr. Cook's vehice deployed causing further injuries.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Carrie Parker Cook, 3150 49th Ave. N., St. Petersburg, FL 33714

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).
2001 Volkswagen Jetta GLS Black, passenger side, front quarter panel, front door and front bumper significantly damaged (see photos). The cost of repairs, replacing air bags alone will exceed the $1,700 value of the car.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.
*Multi level symptomatic disc herniations in cervical spine, C4 through C7
*Left shoulder injury -tear of infraspinatus tendons
*Aggravation of lumbar spine condition, herniation at L5-S1
*Headaches
*Unresolved bilateral knee pain

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| 1 Ladarius Jenkins | 1 5796 Ulmerton Rd., Lot 404, Clearwater, FL 33760 |
| 2 Johnnie Ray Booker | 2 955 53rd St. E., Apt. 1022, Bradenton, FL 34208 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $1,700.00 | $190,000.00 | N/A | $191,700.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2


Exhibit "A"

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

GEICO, Post Office Box 9091, Macon, GA 31208
Policy No. 4374893388

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☒ Yes  ☐ No   **17. If deductible, state amount.**

GEICO PIP which covered $10,000.00 in medical bills at 80%.   $1,000.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

GEICO paid out the $10,000 in PIP benefits to the various healthcare providers, see attached PIP log.

**19. Do you carry public liability and property damage insurance?** ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

GEICO, Post Office Box 9091, Macon, GA 31208

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK